Case 2:20-cv-00133-RC Document 1-5 Filed 04/13/20 Page 2 of 7 PageID #: 136

Filed 3/12/2020 4:39 PM
Karen Bunn
District Clerk
Upshur County, Texas
Reviewed By: James Thomas

CAUSE NO. 162-20 _____

| | | |
|---|---|---|
| MELONEY PERRY-TICER, *Plaintiff* | § § § | IN THE DISTRICT COURT |
| v. | § § | 115th JUDICIAL DISTRICT |
| STATE FARM LLOYDS *Defendant* | § § § | UPSHUR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION (WITH ATTACHED DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Meloney Perry-Ticer ("MPT"), Plaintiff herein, and files this *Plaintiff's Original Petition (With Attached Discovery)* against Defendant State Farm Lloyds and in support thereof would show unto this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Pursuant to Rules 190.1 and 190.4 of the Texas Rules of Civil Procedure, Plaintiff alleges that discovery should be conducted under a Level 2 Discovery Control Plan.

### II.
### PARTIES AND SERVICE OF CITATION

Plaintiff MPT is an individual resident and citizen of the State of Texas.

Defendant State Farm Lloyds is a resident of Texas, domiciled in Texas with its principal place of business in Texas, who may be served with process by serving its registered agent for service of process: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.
### JURISDICTION AND VENUE

This Court has jurisdiction of this matter as the damages suffered by MPT as a result of the conduct and actions of Defendant State Farm Lloyds exceed the minimal jurisdictional

limitations of this Honorable Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, MPT seeks monetary relief, the maximum of which is over $100,000 but not more than $200,000. The amount of monetary relief actually awarded, however, will ultimately be determined by the trier of fact.

Venue is proper as all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Dallas County, Texas.

## IV.
### FACTUAL BACKGROUND

State Farm Lloyds ("SF") insures MPT's property located at 1434 Teachers Ridge Road, Diana, Texas 75640 (the "Property") under a property insurance policy, policy number 93ECR2131 ("Policy"). During the Policy period, covered damages occurred on the Property resulting in covered losses under the Policy. MPT made a timely claim under the Policy. SF refused to pay the covered damages.

SF has wrongfully denied MPT's covered claim. SF has also engaged in a pre-textual, outcome-oriented investigation of MPT's covered loss.

MPT has complied with all conditions precedent and any pre-suit notice has been given or has been waived or is impractical due to the statute of limitations.

## V.
### BREACH OF CONTRACT

The conduct of SF constitutes a breach of contract in that SF has failed to pay MPT's covered claim in accordance with the Policy. As a consequence, MPT has suffered damages. MPT is entitled to all remedies and damages available to her for SF's breach.

## VI.
### VIOLATIONS OF THE TEXAS PROMPT PAY STATUTE

The conduct of SF violates the Texas Prompt Pay Statute, Texas Insurance Code section 542.051, *et seq.*, including the failure of SF to timely pay for MPT's covered loss and/or follow the statutory time requirements for accepting or denying coverage and paying her claim. SF has received all items from MPT to pay her covered claim. As a result, SF is liable for the amount of MPT's claim by violating Texas Insurance Code section 542.060 in not paying MPT's covered claim as well as interest on the amount of the claim at the rate of ten percent (10%) a year as damages, together with reasonable attorneys' fees.

## VII.
### VIOLATIONS OF THE TEXAS INSURANCE CODE AND THE TEXAS DECEPTIVE TRADE PRACTICES ACT

SF has liability for violating Texas Insurance Code Annotated §§ 541.060 and 541.061 and the Texas Deceptive Trade Practices Act (DTPA) § 17.46(b), including but not limited to the following particulars:

(1) Making untrue statements of material fact and leaving out material facts so that other statements are rendered misleading by: representing that the full extent of MPT's loss and damages to her Property should not be paid and disregarding documents and/or information showing coverage for MPT's claim and loss;

(2) Making statements to mislead a reasonably prudent person to a false conclusion of a material fact including: stating that MPT's loss and damages are not covered and stating that MPT's covered claim and loss was excluded by virtue of a policy exclusion;

(3) Misrepresenting to MPT a material fact or policy provision relating to the insurance coverage at issue,;

(4) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of MPT's claim where liability is reasonably clear by refusing to pay MPT for her covered loss following a pre-textual investigation and inspection by SF;

(5) Refusing to pay MPT's claim without conducting a reasonable investigation and engaging in a pre-textual and outcome-oriented investigation and inspection by, among other things, ignoring documents and information that do not support SF's pre-determined narrative, disregarding documents and information contrary to SF's pre-determined conclusions, and/or relying on an exclusion not part of the Policy;

(6) Causing confusion or misunderstanding as to the source, approval, and/or certification of services, including misrepresenting that an exclusion applies to MPT's covered loss;

(7) Causing confusion or misunderstanding about the affiliation, connection, or association with, or certification by another, including misrepresenting that the Policy includes an exclusion precluding coverage;

(8) Misrepresenting material facts relating to the Policy, terms of the Policy, coverages, and the benefits or advantages promised by the Policy, including representing that the Policy had an exclusion that precluded coverage; and

(9) Making untrue statements of material fact relating to the Policy and making a statement in a way that would lead a reasonably prudent person to a false conclusion about a material fact, by representing that the Policy had an exclusion that precluded coverage.

Each of these acts, omissions and conduct, singularly or in combination, was a producing cause of MPT's injuries and/or damages. Such conduct was committed knowingly or intentionally, entitling MPT to additional damages.

## VIII.
### DAMAGES AND ATTORNEYS' FEES

As a result of the acts, omissions and conduct of SF as alleged herein, MPT has suffered damages in excess of the minimal jurisdictional limits of this Court and seeks recovery of same. MPT also seeks recovery of all other damages to which she is entitled, including additional, extra, double and/or treble damages and any and all other damages as allowed and defined by statute or common law for the knowing and intentional conduct of SF.

As a result of SF's conduct, MPT was also forced to employ the services of counsel to protect and prosecute her interests and claims in this matter. MPT is therefore entitled to and

seeks recovery of her attorneys' fees and costs for the prosecution of this case through trial, post-trial proceedings, all appellate proceedings, and any other proceedings related to this cause. MPT seeks its attorneys' fees on all legal and statutory grounds as permitted by law.

In addition, MPT hereby makes demand of SF to pay all costs of court related to the prosecution of this matter.

## IX.
## JURY DEMAND

MPT hereby respectfully requests a trial by jury.

## X.
## DISCOVERY

Attached to this *Original Petition* are: (1) Plaintiff's Request for Disclosure to Defendant; (2) Plaintiff's Request for Production to Defendant; and (3) Notice of Intent to Take the Oral Deposition *Duces Tecum* of the Organizational Representative of State Farm.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, MPT prays that SF be served with process and a copy of this suit and answer herein, and that upon final trial of this matter, MPT has:

a. Judgment against SF for a just and reasonable sum;

b. Judgment for all additional, extra, double and/or treble damages as allowed and defined by statute and/or common law;

c. Judgment for all prejudgment and post-judgment interest for which MPT may show herself so justly entitled and at the maximum legal rate allowable by law;

d. Judgment for MPT's reasonable attorneys' fees;

e. Judgment for all of MPT's costs of court; and

f. Such other and further relief to which MPT may be entitled.

Respectfully submitted,

**LAW OFFICE OF MARK A. TICER**

By: */s/ Mark A. Ticer*
    Mark A. Ticer
    State Bar #20018900
    mticer@ticerlaw.com
    Jennifer W. Johnson
    State Bar #24060029
    jjohnson@ticerlaw.com
    10440 N. Central Expressway, Suite 600
    Dallas, Texas 75231
    (214) 219-4220
    (214) 219-4218 (FAX)

***ATTORNEYS FOR PLAINTIFF***